# SEALED

Office of the United States Attorney
District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, NV 89101
(702) 388-6336

```
1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada Bar No. 2137
   DANIEL D. HOLLINGSWORTH
3  Assistant United States Attorney
   Nevada State Bar No. 1925
4  Lloyd D. George United States Courthouse
   333 Las Vegas Boulevard South, Suite 5000
5  Las Vegas, Nevada 89101
   Telephone: (702) 388-6336
6  Facsimile: (702) 388-6787
   E-mail: Daniel.Hollingsworth@usdoj.gov
7  Counsel for the United States of America
```



```
                    UNITED STATES DISTRICT COURT

                          DISTRICT OF NEVADA

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   2:14-CR-015-JCM-(VCF)
                                   )
ALEXANDER JARIV,                   )
                                   )
          Defendant.               )
```

**THE UNITED STATES OF AMERICA'S SEALED UNOPPOSED MOTION FOR AN INTERLOCUTORY ORDER OF SALE OF PROPERTY AND ORDER**

The United States of America ("United States"), by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Daniel D. Hollingsworth, Assistant United States Attorney, respectfully moves this Court for an Order for an Interlocutory Sale of the following real and personal property: 2007 Hummer H2, bearing Nevada tag 953 YZT, VIN 5GRGN23U77H100987; and Real Property located at 322 Karen Avenue, #1801, Las Vegas, NV Clark County parcel number 162-10-114-121, including all structures, appurtenances, and improvements thereon (all of which constitutes "property"). Through the Interlocutory Order of Sale, the United States requests this Court to authorize the United States Marshals Service to sell the vehicle through one of its approved methods and to

authorize Jariv to sell the real property through a real estate agent with the United States and Jariv reviewing, coordinating, and approving together the sale contract Jariv enters into with the real estate agent and the contract that accepts the offer of sale of the real property.

The grounds for issuing the Order for an Interlocutory Sale are the parties have agreed and this Court is authorized to approve the interlocutory sales. This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED: March 26, 2014

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE CASE

### A. Procedural History

Alexander Jariv ("Jariv") plead guilty to a One Count Criminal Information charging him with 18 U.S.C. § 371, Conspiracy to Commit (1) Wire Fraud in violation of 18 U.S.C. § 1343; (2) Making false material statements under the Clean Air Act in violation of 42 U.S.C. § 7413(c)(2)(A); and (3) Money Laundering in violation of 18 U.S.C. § 1956. This Court entered the Preliminary Order of Forfeiture on February 3, 2014, forfeiting the Real Property located at 322 Karen Avenue, #1801, Las Vegas, Nevada Clark County parcel number 162-10-114-121, including all structures, appurtenances, and improvements thereon; and a 2007 Hummer H2, bearing Nevada tag 953 YZT, VIN 5GRGN23U77H100987 (all of which constitutes "property").

### B. Statement of Facts

Jariv is a confidential resource and witness in the ongoing criminal investigation, ongoing grand jury investigation, and trial in *United States v. James Jariv and Nathan Stoliar*, 2:14-CR-006-APG-(GWF). Jariv's criminal case is currently sealed to protect him. Publication under John Doe in www.forfeiture.gov has started but is not completed. The property is owned without mortgage holders or lienholders. The purpose of the interlocutory sale is to liquidate the property to allow for easier management of the assets, to reduce the cost of maintaining the property, and to avoid damage to the property since it is vacant and will remain such until the end of James Jariv and Nathan Stoliar's criminal case.

## II. ARGUMENT

This Court has authority to issue the Interlocutory Order of Sale. Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the

. . .

interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). The United States may move this Court to order the above-mentioned "property sold if:"

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D). Jariv may sell the real property if this Court so orders. Supplemental Rules G(7)(b)(ii) ("A sale must be made ... by any person the court designates."). The United States and Jariv agree that Jariv sell the real property through a real estate agent with the United States and Jariv reviewing, coordinating, and approving together the sale contract Jariv enters into with the real estate agent and the contract that accepts the offer of sale of the real property, if this Court so orders. Supplemental Rules G(7)(b)(iii) (explaining that if "all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures" the real property can be sold according to the agreement and the court order). The United States and Jariv agree that the United States Marshals Service will sell the vehicle through one of its approved methods, if this Court so orders. *Id.*

Additional laws also support this motion. This Court "may ... take any other action to preserve the availability of [the] property... for forfeiture...", including an interlocutory order of sale. 21 U.S.C. § 853(e). "Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited ...", including an interlocutory order of sale. 21 U.S.C. § 853(g).

The sale proceeds of the real property and the vehicle will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rules G(7)(b)(iv). "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id.*

### III. CONCLUSION

The United States respectfully requests that this Court order the interlocutory sale of the vehicle and the real property under the following conditions. The real property value may decline because the

1  house is vacant and may be vandalized. Selling the real property at an arm's length transaction through
2  this interlocutory sale will preserve its value and protect the real property. The vehicle will continue to
3  lose value. Selling the vehicle through this interlocutory sale will prevent as the loss of value from
4  occurring if the United States and Jariv wait for the sentencing of Jariv which will occur after the
5  criminal case, *United States v. James Jariv and Nathan Stoliar*, 2:14-CR-006-APG-(GWF), is completed.
6  Jariv agrees to the interlocutory sale of the property. The United States and Jariv agree that Jariv will sell
7  the real property through a real estate agent with the United States and Jariv reviewing, coordinating, and
8  approving together the sale contract Jariv into enters with the real estate agent and the contract that
9  accepts the offer of sale of the real property. The United States and Jariv agree that the United States
10 Marshals Service will sell the vehicle through one of its approved methods. By authorizing the
11 interlocutory sales as discussed above, this Court will preserve the value of the property and expedite the
12 sale of both properties – the real property by a real estate agent and the vehicle through the United States
13 Marshals Service.
14 DATED: March 26, 2014.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney


IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: March 27, 2014

5

# PROOF OF SERVICE

I, Heidi L. Skillin, Paralegal, certify that the following individuals were served with copies of **THE UNITED STATES OF AMERICA'S SEALED UNOPPOSED MOTION FOR AN INTERLOCUTORY ORDER OF SALE OF PROPERTY AND ORDER** on March 26, 2014, by the below identified method of service:

<u>First Class Mail</u>

John Kinchen
1221 McKinney, Suite 3150
Houston, TX 77010
Counsel for Alexander Jariv

/s/ Heidi L. Skillin
HEIDI L. SKILLIN
Forfeiture Support Associates Paralegal